IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMA JOHNSON<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:21-cv-01173 |
| J.B. HUNT TRANSPORT SERVICES,<br>INC., RYDER RENTAL TRUCK AND<br>JOHN DOE<br>    *Defendants*. | §<br>§<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

---

### DEFENDANTS J.B. HUNT TRANSPORT SERVICES, INC. AND RYDER TRUCK RENTAL, INC.'s NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. § 1441, Federal Rule of Civil Procedure 81, Defendants J.B. Hunt Transport, Inc. and Ryder Truck Rental, Inc.'s (hereinafter "Defendants") hereby remove to this Court, the state court action described in Paragraph 1 below.  Pursuant to 28 U.S.C. § 1446(a), Defendants set forth the following "short and plain statement of the grounds for removal."

### A.   THE REMOVED CASE

1.   The removed case is a civil action filed with the 129th Judicial District Court of Harris County, Texas, on or about March 10, 2021 styled *Kima Johnson v. J.B. Hunt Transport Services, Inc., Ryder Truck Rental and John Doe*; Cause No. 2021-; in the 129th Judicial District Court of Harris County, Texas (the "State Court Action").  The case arises from the alleged injuries sustained by Plaintiff from a motor vehicle accident that occurred on or about September 1, 2020 in Harris County, Texas.

### B.   DOCUMENTS FROM REMOVED ACTION

2.   Pursuant to Local Rule 81 and 28 U.S.C. 1446(a), Defendants attach the following documents to this Notice of Removal as *Exhibit "A"*:

    i.    An index of matters being filed;

    ii.    All executed service of process;

    iii.    Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

    iv.    The state court docket sheet; and

    v.    A list of all counsel of record, including addresses, telephone numbers and parties presented.

### C.   REMOVAL PROCEDURE

3.   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441.  The Houston Division of the Southern District Court of Texas is the United States district and division embracing Harris County, Texas, the county in which the State Court Action is pending.

4.   Defendants were each served with Plaintiff's Original Petition on March 18, 2021. Thus, this Notice of Removal is filed within the time limits specified in 28 U.S.C. § 1446(b).

5.   Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and orders in the State Court Action as of the date of this pleading are attached hereto as *Exhibit "A"* and incorporated herein for all purposes.

6. Defendants will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 129th Judicial District Court of Harris County, Texas, where the action is currently pending.

### D.   VENUE IS PROPER

7. The United States District Court for the Southern District of Texas is the proper venue for removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the 129th Judicial District Court of Harris County, Texas, is located within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

### E.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

8. The "forum-defendant" rule provides that a civil action may not be removed to federal court on the basis of diversity of citizenship jurisdiction "if any of the parties in interest properly joined **and served** as defendants are citizens of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, as will be shown below.

9. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

10. As admitted in her Petition, Plaintiff is an individual who resides in Harris County, Texas.[1]

11. Defendant JB Hunt Transport Services, Inc. is a foreign corporation organized and existing under the laws of the State of Georgia.  Thus, pursuant to 28 U.S.C. § 1332(c)(1), JB Hunt is not a citizen of the State of Texas.

---

[1] *See* Plaintiff's Original Petition and First Set of Discovery ("Original Petition") at 2, ¶ 4.

12. Co-Defendant "John Doe" has not been served nor has it answered the State Court action, and its citizenship has not been determined.

13. In any event, regardless whether "John Doe" is a "citizen of Texas," a majority of the federal courts considering "snap removal"—as Defendants J.B. Hunt Transport, Inc. and Ryder Truck Rental, Inc. seek here—have held 28 U.S.C. § 1441(b)(2) permits removal if no in-state defendant has been served.[2]

14. The Southern District of Texas is also one of the jurisdictions recognizing the propriety of "snap removal" in a case such as this one.[3]

15. Thus, the diversity-of-citizenship requirement is satisfied.

16. Because Plaintiff is a resident of the State of Texas and Defendant J.B Hunt Transport Services, Inc. is not, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332. Thus, the diversity of citizenship requirement is satisfied.

## F.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

17. A petition alleging extensive personal injury supports finding the amount in controversy exceeds $75,000.[4] "[A] a court may make 'common-sense inferences' about the amount from the injuries and damages that the plaintiff pleaded."[5]

---

[2] *E.g.*, *Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128-29 (N.D. Cal. 2012); *In re Diet Drugs Prods. Liab. Litig.*, 875 F. Supp. 2d 474, 477 (E.D. Pa. 2012); *Carrs v. AVCO Corp.*, Civil No. 3:11-CV-3423-L, 2012 WL 1945629, at *2 (N.D. Tex. May 30, 2012); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009).

[3] *Smethers v. Bell Helicopter Textron Inc.,* Civ. Act. No. 6:16-CV-58, 2017 WL 1277512, *2 (S.D. Tex. April 3, 2017).

[4] *Hernandez v. USA Hosts, Ltd.*, 418 F. App'x 293, 294, 295 (5th Cir. 2011) (per curiam) (stating, "Given **the extensive injuries** [Emphasis added] alleged . . . and the various damages claimed, it is facially apparent that the amount in controversy exceeds $75,000. *See id.; see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999) (holding that the amount in controversy exceeded $75,000 based on **extensive injuries** [emphasis added] claimed in complaint)."); *Pollet v. Sears Roebuck*

---

18. Here, Plaintiff's Petition shows more than $75,000 in controversy, as is shown by a comparison between the present case and multiple cases holding personal-injury descriptions showed more than $75,000 in controversy:

| Case Name | Petition Allegations from Which It Was Facially Apparent the Amount in Controversy Exceeded $75,000 | Similar Petition Allegations in the Present Case |
|---|---|---|
| *Hernandez v. USA Hosts, Ltd.*, 418 F. App'x 293, 294, 295 (5th Cir. 2011) (per curiam) (fell while exiting a shuttle bus)[6] | • "serious personal injuries to her back, knees, shoulder and body"[7]<br><br>• "medical expenses"[8]<br><br>• "substantial physical pain and suffering"[9]<br><br>• "mental anguish . . . emotional distress"[10]<br><br>• "loss of enjoyment of life"[11] | • "extensive and permanent injuries"[14]<br><br>• "seriously injured"[15]<br><br>• "[p]ast and future medical expenses"[16]<br><br>• "[p]ast and future pain"[17]<br><br>• "[p]ast and future . . . suffering and mental anguish"[18]<br><br>• "[p]ast and future physical impairment"[19]<br><br>• "[p]ast and future physical disfigurement"[20]<br><br>• "[p]ast lost wages and future loss of earning capacity"[21]<br><br>• "exemplary damages"[22]<br><br>• "such other and further relief, to which she may |

---

*and Co.*, 46 Fed. Appx. 226, 2002 WL 1939917, at *4 (5th Cir. July 18, 2002) (per curiam) (concluding, "[Plaintiff]'s allegations of injury and damages in her complaint, by ***their nature and severity***, (Emphasis added). [emphasis added]" supported finding the amount in controversy exceeded $75,000).

[5] *List v. PlazAmericas Mall Texas, LLC*, No. CV H-18-4810, 2019 WL 480130, at *2 (S.D. Tex. Feb. 7, 2019) (citing *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

[6] 418 F. App'x at 294.

[7] *Id.*

[8] *Id*.

[9] *Id*.

[10] *Id*.

[11] 418 F. App'x at 294.

---

| | | |
|---|---|---|
| | • "and, other elements of damages which will be demonstrated at the trial"[12]<br><br>• "property damage" (apparently to worn or carried personal property because Plaintiff fell while exiting a shuttle bus)[13] | show himself justly entitled"[23] |
| *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.2000) (slip and fall)[24] | • "injuries to her right wrist, left knee and patella, and upper and lower back"[25]<br><br>• "medical expenses"[26]<br><br>• "physical pain and suffering"[27]<br><br>• "mental anguish and suffering"[28]<br><br>• "loss of enjoyment of life"[29]<br><br>• "permanent disability"[30] | • "extensive and permanent injuries"[33]<br><br>• "seriously injured"[34]<br><br>• "[p]ast and future medical expenses"[35]<br><br>• "[p]ast and future pain"[36]<br><br>• "[p]ast and future . . . suffering and mental anguish"[37]<br><br>• "[p]ast and future physical impairment"[38] |

[14] Original Petition at 3, ¶ 8.

[15] *Id.* at 4, ¶ 12.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] Original Petition at 5, Prayer.

[12] *Id.*

[13] *Id.*

[23] *Id.*

[24] 233 F.3d at 883.

[25] *Id.*

[26] *Id.*

[27] 233 F.3d at 883.

[28] *Id.*

[29] *Id.*

[30] *Id.*

| | | |
|---|---|---|
| | • "permanent . . . disfigurement"[31]<br><br>• "loss of wages and earning capacity"[32] | • "[p]ast and future physical disfigurement"[39]<br><br>• "[p]ast lost wages and future loss of earning capacity"[40]<br><br>• "exemplary damages"[41]<br><br>• "such other and further relief, to which she may show himself justly entitled"[42] |
| *Pollet v. Sears Roebuck and Co.*, 46 Fed. Appx. 226, 2002 WL 1939917, at **1–4 (5th Cir. July 18, 2002) (per curiam) (slip and fall)[43] | • "serious and painful injuries, including but not limited to severe injuries to her face, left elbow, left hand, and tail bone"[44]<br><br>• "past and future medical expenses"[45]<br><br>• "'severe physical pain'"[46]<br><br>• "'suffering and mental anguish'"[47]<br><br>• 'keen mental anguish'"[48] | • "extensive and permanent injuries"[55]<br><br>• "seriously injured"[56]<br><br>• "[p]ast and future medical expenses"[57]<br><br>• "[p]ast and future pain"[58]<br><br>• "[p]ast and future . . . suffering and mental anguish"[59] |

---

[33] Original Petition at 3, ¶ 8.

[34] *Id.* at 4, ¶ 12.

[35] *Id.*

[36] Original Petition at 4, ¶ 12.

[37] *Id.*

[38] *Id.*

[31] *Id.*

[32] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.* at 5, Prayer.

[42] *Id.*

[43] 2002 WL 1939917, at *1.

[44] 2002 WL 1939917, at *2.

[45] *Id.*

[46] *Id.*

[47] *Id.*

[48] *Id.*

|  | | |
|---|---|---|
|  | • 'humiliation and embarrassment'"[49] <br><br> • 'serious residuals thereof'"[50] <br><br> • 'has been disabled in her daily activities and has been handicapped in other activities'"[51] <br><br> • 'residual and permanent disabilities and impairments'"[52] <br><br> • "past and future lost wages and lost earnings capacity"[53] <br><br> • "'*these* [above] *conditions may* [emphasis added] continue, worsen, or become permanent'"[54] | • "[p]ast and future physical impairment"[60] <br><br> • "[p]ast and future physical disfigurement"[61] <br><br> • "[p]ast lost wages and future loss of earning capacity"[62] <br><br> • "exemplary damages"[63] <br><br> • "such other and further relief, to which she may show himself justly entitled"[64] |
| *List v. PlazAmericas Mall Texas, LLC*, No. CV H-18-4810, 2019 WL 480130, at **1–4 | • "'severe injuries'"[68] | • "extensive and permanent injuries"[70] <br><br> • "seriously injured"[71] |

---

[55] Original Petition at 3, ¶ 8.

[56] *Id.* at 4, ¶ 12.

[57] Original Petition at 4, ¶ 12.

[58] *Id.*

[59] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *Id.*

[54] *Id.*

[60] *Id.*

[61] *Id.*

[62] *Id.*

[63] Original Petition at 5, Prayer.

[64] *Id.*

---

| | | |
|---|---|---|
| (S.D. Tex. Feb. 7, 2019) (slip and fall)[65]<br><br>(Plaintiff pled "'the amount in controversy in this matter does not exceed $75,000.00,'"[66] which is perhaps not surprising because **Daspit Law Firm**, Plaintiff counsel in the present case, was plaintiff counsel in *List*[67]) | • "'exemplary damages ... and future relief'"[69] | • "[p]ast and future medical expenses"[72]<br>• "[p]ast and future pain, suffering and mental anguish"[73]<br>• "[p]ast and future physical impairment"[74]<br>• "[p]ast and future physical disfigurement"[75]<br>• "[p]ast lost wages and future loss of earning capacity"[76]<br>• "exemplary damages"[77]<br>• "such other and further relief, to which she may show himself justly entitled"[78] |

19.   Further, a Petition's reservation of right to amend is another factor that weighs toward a finding that more than $75,000 is in controversy.[79] Here, Plaintiff expressly reserved the right to

---

[68] *Id.* at *2.

[70] Original Petition at 3, ¶ 8.

[71] *Id.* at 4, ¶ 12.

[65] 2019 WL 480130, at *1.

[66] *Id.* at *2, *3.

[67] *Id.* at counsel listing.

[69] *Id.*

[72] *Id.*

[73] *Id.*

[74] *Id.*

[75] *Id.*

[76] *Id.*

[77] *Id.* at 5, Prayer.

[78] *Id.*

[79] *Perez v. Allstate Tex. Lloyd's*, No. EP-16-CV-361-PRM, 2017 WL 3274894, at **4–6 (W.D. Tex. Jan. 31, 2017) (relying, in part, on Plaintiff's reservation of right to amend Plaintiff's Petition in

amend the amount of monetary relief requested.[80]

20.  Likewise, a Petition's request for Level 3 discovery weighs toward a finding that more than $75,000 is in controversy.[81] Here, Plaintiff expressly reserved the right to amend the amount of monetary relief requested.[82]

21.  Thus, it is facially apparent from the Petition that the amount in controversy exceeds $75,000.

22.  Thus, based on all of the aforementioned facts, the State Court Action may be removed to this Court by Defendants in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## G.  FILING OF REMOVAL PAPERS

23.  Pursuant to 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the 129th Judicial District Court of Harris County, Texas, in which this action was originally commenced.

---

concluding more than $75,000 was in controversy);  *Beaver v. NPC Int'l, Inc.*, 451 F.Supp.2d 1196, 1200 (D. Or. 2006) (listing, among the factors that together led to the conclusion that more than $75,000 was in controversy, the Complaint's reservation of right to amend to assert a claim for punitive damages).

[80] Original Petition at 1, ¶ 1.

[81]  *List v. PlazAmericas Mall Texas, LLC*, No. CV H-18-4810, 2019 WL 480130, at *3 (S.D. Tex. Feb. 7, 2019) (stating, "[Plaintiff]'s request for a Level 3 discovery schedule supports [Defendant]'s argument that the amount in controversy exceeded $75,000.").

[82] Original Petition at 2, ¶ 3.

---

## H.   CONCLUSION

24. Defendants J.B. Hunt Transport Services, Inc. and Ryder Truck Rental, Inc. hereby remove the above-captioned action from the 129th Judicial District of Harris County Texas, and requests that further proceedings be conducted in the United States District Court for the Southern District of Texas, Houston Division, as provided by law.

Respectfully submitted,

**MAYER LLP**

4400 Post Oak Parkway, Suite 1980
Houston, Texas 77027
713.487.2000 / Fax 713.487.2019


By:     */s/ Kevin P. Riley*
              Kevin P. Riley
              State Bar No. 16929100
              E-mail: kriley@mayerllp.com
              Harry L. Laxton Jr.
              Southern Bar No. 906711
              State Bar No. 12061762
              NY Registration No. 5447776
              Email: hlaxton@mayerllp.com

**ATTORNEYS FOR DEFENDANTS
J.B. HUNT TRANSPORT SERVICES , INC.
AND RYDER TRUCK RENTAL, INC.**

## CERTIFICATE OF SERVICE

On April 9, 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

<table>
<tr>
<td>
Lauren Roberts<br>
Texas State Bar No. 24113720<br>
440 Louisiana St., Suite 1400<br>
Houston, Texas 77002<br>
Email: e-service@daspitlaw.com<br><br>
<b><i>ATTORNEY FOR PLAINTIFF</i></b>
</td>
<td>
☐E-MAIL (hector@longorialaw.com)<br>
☐HAND DELIVERY<br>
☐FACSIMILE<br>
☐OVERNIGHT MAIL<br>
☐REGULAR, FIRST CLASS MAIL<br>
☒CM-ECF<br>
☐CERTIFIED MAIL/RETURN RECEIPT REQUESTED
</td>
</tr>
</table>

_/s/ Kevin P. Riley_

Kevin P. Riley

# EXHIBIT A