# EXHIBIT A

*Index of Matters*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMA JOHNSON | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. ___ |
| J.B. HUNT TRANSPORT SERVICES, INC., | § | JURY TRIAL DEMANDED |
| RYDER RENTAL TRUCK AND | § | |
| JOHN DOE | § | |
|     *Defendants*. | § | |

## DEFENDANTS J.B. HUNT TRANSPORT SERVICES, INC. AND RYDER TRUCK RENTAL, INC.'S INDEX OF MATTERS BEING FILED

Pursuant to Local Rule CV-81, Defendants J.B. HUNT TRANSPORT SERVICES, INC. AND RYDER TRUCK RENTAL, INC. hereby attach this Index of Matters Being Filed to its Notice of Removal.

Exhibit 1:    All Executed Process

- Executed Service of Process on Ryder Truck Rental, Inc. on March 17, 2021; and
- Executed Service of Process on J.B. Hunt Transport Services, Inc. on March 18, 2021.

Exhibit 2:    All State Court Pleadings

- Plaintiff's Original Petition filed March 10, 2021;
- Defendants J.B. Hunt Transport Services, Inc. and Ryder Truck Rental, Inc.'s Original Answer filed April 9, 2021.

Exhibit 3:    State Court Docket Sheet

Exhibit 4:    List of all counsel of record, including addresses, telephone numbers and parties represented

# EXHIBIT 1

*Executed Returns of Service*

Tracking Number: 73850245

CAUSE NUMBER: 202114042

PLAINTIFF: JOHNSON, KIMA

    vs.

DEFENDANT: J B HUNT TRANSPORT SERVICES INC

In the 129th

Judicial District Court

of Harris County, Texas

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at __9:19__ o'clock __A__ M., on the __16__ day of __March__ 20 __21__

Executed at (address) __5444 Westheimer #1000 Houston, Tx 77056__ in __Harris__ County at __1:40__ o'clock __P__ M., on the __17__ day of __March__, 20 __21__,

by delivering to __Maria Newman__ defendant, in person, a true copy of this Citation together with the accompanying __1__ copy(ies) of the __Plaintiffs Original__ Petition __And First Set Of Discovery__ attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this __17__ day of __March__, 20 __21__.

FEE: $ _____

_Karen Villarreal_ of __Harris__

County, Texas

_Karen Villarreal_

Affiant __KAREN VILLARREAL__

By: _Karen Villarreal_ PSC9537 Exp 2023

Deputy - Authorized Process Server

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN __March__ AND SUBSCRIBED BEFORE ME on this __17__ of _____, 20 __21__

Notary Public

JESSE JOSEPH VILLARREAL
My Notary ID # 129353590
Expires March 19, 2025

3/18/2021 7:37 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51583653
By: C Ougrah
Filed: 3/18/2021 7:37 AM

Receipt Number: 890761
Tracking Number: 73855565

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202114041

PLAINTIFF: JOHNSON, KIMA

vs.

DEFENDANT: J B HUNT TRANSPORT SERVICES INC

In the 129th Judicial

District Court of

Harris County, Texas

CITATION

THE STATE OF TEXAS
County of Harris

TO: RYDER TRUCK RENTAL MAY BE SERVED THROUGH ITS REGISTERED AGENT CORPORATE

CREATIONS NETWORK INC

5444 WESTHEIMER #1000

HOUSTON TX 77056

Attached is a copy of PLAINTIFFS ORIGINAL PETITION AND FIRST SET OF DISCOVERY.

This instrument was filed on March 10, 2021, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this March 15, 2021.



Marilyn Burgess
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: RHONDA MOMON

Issued at request of:
Daspit, John
440 LOUISIANA, SUITE 1400
HOUSTON, TX  77002
713-588-0383

Bar Number: 24048906

## AFFIDAVIT OF AUTHORITY

I, Veronica C. Valega, Operations Director of Corporate Creations Network Inc. and United Agent Group Inc., do hereby authorize Regus, and all of its staff, including but not limited to **Maria Newman** and Harold Shultz, to accept and mail all documents, including any and all court documents served or delivered by the court, private server, sheriff, courier, or otherwise on behalf of me and my companies. This authorization includes signing on behalf of myself, Corporate Creations Network Inc., or United Agent Group Inc. to accept all mail and documents, including court documents served or delivered by the court, private server, sheriff, courier, or otherwise to 5444 Westheimer #1000, Houston, TX 77056.

HEREBY SEEN AND AGREED:

Veronica C. Valega
Operations Director
Corporate Creations Network Inc.
United Agent Group Inc.

DATE

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 20th day of July, 2020 by the above named signatory, who is personally known to me or who produced a drivers license or passport as identification and who did take an oath.

Signature of Notary Public

Notary Public State of Florida
Krystle M Parker
My Commission GG 189386
Expires 08/29/2021

Stamp of Notary Public

3/19/2021 3:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51654712
By: Shanelle Taylor
Filed: 3/19/2021 3:58 PM

Receipt Number: 890761
Tracking Number: 73850243

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202114042

| | |
|---|---|
| PLAINTIFF: JOHNSON, KIMA | In the 129th Judicial |
| vs. | District Court of |
| DEFENDANT: J B HUNT TRANSPORT SERVICES INC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: J B HUNT TRANSPORT SERVICES INC MAY BE SERVED THROUGH ITS REGISTERED AGENT
CORPORATION SERVICE COMPANY (D/B/A CSC LAWYERS INCORPORATED)

211 E 7TH STREET SUITE 620

AUSTIN TX 78701

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY.

This instrument was filed on March 10, 2021, in the above numbered and styled cause
on the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

   YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.  In addition to
filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit.  These disclosures generally must be
made no later than 30 days after you file your answer with the clerk.  Find out more
at TexasLawHelp.org.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
March 15, 2021.

Marilyn Burgess
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: RHONDA MOMON

Issued at request of:
Daspit, John
440 LOUISIANA, SUITE 1400
HOUSTON, TX  77002
713-588-0383

Bar Number: 24048906

CTH: 3/17/21 at 4:00 PM

IN THE 129TH JUDICIAL DISTRICT
HARRIS COUNTY, TEXAS

CAUSE NO: 202114042

KIMA JOHNSON
VS
J B HUNT TRANSPORT SERVICES INC.

# RETURN

Came to my hand:  __03/17/2021__ , at  __04:00__  o'clock  __P.M.__  , the following specified documents:

- **Citation**
- **Plaintiff's Original Petition and First Set of Discovery**
- **Requests for Disclosure to Defendants**

and executed by me on:  __3 / 18 /2021__ , at  __2:52__  o'clock  __PM__ , at

__211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701, within the county of TRAVIS, by delivering to J B HUNT TRANSPORT SERVICES INC., by delivering to its registered agent, CORPORATION SERVICE COMPANY dba CSC-LAWYERS INCORPORATING SERVICE COMPANY, by delivering to JOHN STEIDEL__ , employee/managing agent, in person, a true copy of the above specified documents having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct.

Authorized Person: GEORGE L. CASTILLO; PSC)440
Expiration Date:  9 / 30 /2021

STATE OF TEXAS      }

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his/her personal knowledge and experience to be true and correct. Given under my hand and seal of office on this the __18th__ day of __March__ , 2021.

Dane L. McMicheal
ID #4733576
My Commission Expires
April 23, 2024

**Notary Public**

# EXHIBIT 2

*State Court Pleadings*

3/10/2021 5:44 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51362169
By: Rhonda Momon
Filed: 3/10/2021 5:44 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **KIMA JOHNSON** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **J.B. HUNT TRANSPORT SERVICES,** | § | |
| **INC., RYDER TRUCK RENTAL AND** | § | |
| **JOHN DOE** | § | |
| | § | |
| *Defendants.* | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY

Plaintiff, Kima Johnson, (hereinafter, "Plaintiff"), complains of Defendants, J.B. Hunt Transport Services, Inc., Ryder Truck Rental, and John Doe, (hereinafter called "Defendants"), and would respectfully show the Court that:

### Discovery Control Plan

1.      Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2.      The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### Statement Regarding Monetary Relief Sought

### Parties

3.      Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of no more than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgement interest, and attorneys' fees and judgement for all other relief to which Plaintiff is justly entitled.

Plaintiff further pleads that the amount in controversy in this matter does not exceed $75,000.00. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief, if necessary.

4.      Plaintiff, Kima Johnson, is a resident citizen of Harris County, Texas.

5.      Defendant, J.B. Hunt Transport Services, Inc. (Hereinafter, "Defendant J.B. Hunt") is a foreign entity doing business in Harris County, Texas.  Defendant J.B. Hunt may be served with process through its registered agent, Corporation Service Company d/b/a CSC Lawyers Incorporated, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6.      Defendant, Ryder Truck Rental (Hereinafter, "Defendant Ryder") is a foreign entity doing business in Harris County, Texas.  Defendant Ryder may be served with process through its registered agent, Corporate Creations Network Inc., at 5444 Westheimer #1000, Houston, Texas 77056.

7.      Defendant, John Doe (hereinafter "Defendant Doe"), is an individual and may be served with process at his residence. Defendant Doe is a natural person whose identity is unknown to Plaintiff, but upon information and belief is known to Defendants. Defendant Doe will be named and then served once his identity has been revealed by Defendants.

## Facts

8.      This lawsuit is necessary as a result of personal injuries Plaintiff suffered on or about September 1,2020. At that time, Plaintiff was stopped at a red light on W Little York Road in Harris County, Texas. Defendant Doe was directly in front of Plaintiff when he failed to keep a proper lookout and began reversing into Plaintiff's vehicle. Defendant failed to operate the vehicle safely when he collided with Plaintiff's vehicle. Defendant Doe was driving a truck owned by Defendant Ryder. At all times material hereto, Defendant Doe, was operating the vehicle in the course and scope of his employment with Defendant J.B. Hunt. As a result of Defendants'

negligence and/or negligence *per se*, Plaintiff suffered extensive and permanent injuries.

9.    Defendant Doe's aforementioned conduct constitutes negligence and/or negligence *per se* for one or more of the following reasons:

    a)    Failing to control the vehicle's speed;

    b)    Failed to timely apply his brakes

    c)    Failed to yield right-of-way;

    d)    Failing to operate the vehicle safely;

    e)    Failing to turn the vehicle in an effort to avoid a collision;

    f)    Failing to maintain a proper lookout in order to avoid a collision;

    g)    Failing to maintain a safe distance;

    h)    Failing to make a proper lane change;

    i)    Violating applicable, local, state, and federal laws and/or regulations; and

    j)    Other acts so deemed negligent.

10.    Defendant Doe was driving a vehicle owned by Defendant Ryder. At all times material hereto, Defendant Doe, was operating the vehicle in the course and scope of his employment with Defendant J.B. Hunt. As such, Defendants are vicariously liable for Defendant Doe's negligent acts and omissions under the doctrine of *respondent superior*. Plaintiff further plead Defendants were negligent and/or negligent *per se* for one or more of the following reasons:

    a.    Negligently entrusted a motor vehicle to an incompetent driver;

    b.    Negligently hired and/or retained employees;

    c.    Negligently trained and/or supervised employees;

    d.    Failed to maintain the vehicle in a reasonably safe condition;

    e.    Violated applicable, local, state and federal laws and/or regulations;

    f.    Other acts so deemed negligent.

11.    As a result of these acts or omissions, Plaintiff claims all damages recognizable by law.

3

## Damages

12.     By virtue of the actions and conduct of the Defendants set forth above, Plaintiff is seriously injured and is entitled to recover the following damages:

  a.   Past and future medical expenses;

  b.   Past and future pain, suffering and mental anguish;

  c.   Past and future physical impairment;

  d.   Past and future physical disfigurement;

  e.   Past lost wages and future loss of earning capacity.

13.     By reason of the above, Plaintiff is entitled to recover damages from the Defendants in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

## Requests for Disclosure to Defendants

14.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests you disclose, within fifty (50) days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

## Rule 193.7 Notice

15.     Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## Prayer

Plaintiff prays that these citations issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment

interests, all costs of Court, exemplary damages, and all such other and further relief, to which she may show himself justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Lauren Roberts*
Lauren Roberts
Texas State Bar No. 24113720
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile:  (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

5

CAUSE NO. 2021-14042

| | | |
|---|---|---|
| KIMA JOHNSON | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| J.B. HUNT TRANSPORT SERVICES, | § | |
| INC., RYDER TRUCK RENTAL and JOHN | § | |
| DOE | § | |
| | § | |
| *Defendants.* | § | 129th JUDICIAL DISTRICT |

## DEFENDANTS J.B. HUNT TRANSPORT SERVICES, INC. AND RYDER TRUCK RENTAL INC.'S ORIGINAL ANSWER

### I.   SPECIAL EXCEPTION TO DISCOVERY IN PLAINTIFF'S PETITION

Defendants J.B. HUNT TRANSPORT SERVICES, INC. and RYDER TRUCK RENTAL, INC. ("Defendants") specially except to the Requests for Disclosure in Plaintiff's Original Petition because, pursuant to Tex. R. Civ. P. 194.2(a) and 194.1 (changing request for disclosure to required disclosures), requests for disclosure are no longer permissible discovery and discovery within a petition are prohibited (i.e., are outside the permissible discovery period). Defendants request the Court strike the discovery from Plaintiff's Original Petition.

### II.   GENERAL DENIAL

1.   Defendants deny each and every, all and singular, material allegations contained within Plaintiff's pleadings and any amendments or supplements thereto and demands strict proof thereof.

### III.   INFERENTIAL REBUTTAL INSTRUCTIONS

2.   Defendants assert the following by way of inferential rebuttal and request the Court instruct the jury as follows:

    a.   **New and Independent Cause / Superseding Intervening Cause**. The alleged damages in question as alleged by Plaintiff were caused, in whole or in part, by an act or omission of a separate and independent agency, not reasonably foreseeable to any Defendant, that destroyed any causal connection between the alleged acts or omissions of any Defendant and the injury complained of thus becoming an intervening, superseding cause of the incident and/or alleged injuries.

    b.   **Sole Proximate Cause**. The act(s) or omission(s) of another person, including Plaintiff or another entity was the sole cause of the damages alleged by Plaintiff.

    c.   **Prior and/or Subsequent Injuries/Conditions**. Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences. Also, Plaintiff's claims of injuries and damages are the result in whole or in part of pre-existing conditions, injuries, diseases, illnesses, and disabilities and not the result of any act or omission on the part of the Defendant.

### IV.  AFFIRMATIVE DEFENSES

3.   By way of affirmative defense, pleading in the alternative and without waiving the foregoing general denial:

    a.   **Comparative Negligence-Responsibility.**  Plaintiff's negligence was the sole, or a partial, proximate cause of the accident and the injuries and damages alleged by Plaintiff. Because of Plaintiff's negligence, Plaintiff is barred, in whole or in part, from a recovery of damages from Defendant. Also, pursuant to Ch. 33, Texas Civil Practice and Remedies Code, Defendants invoke the doctrine of comparative responsibility and, further, Defendants are entitled to an issue submitted to the jury on the comparative responsibility of Plaintiff.

b. **Failure to Mitigate**.  Plaintiff failed, either in whole or in part, to mitigate damages as required under applicable law. Any damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff has failed to take the reasonable steps that a person of ordinary prudence in the same or similar situation would have taken to avoid the damages claimed in this lawsuit.

c. **Paid-or-Incurred Medical-Expense Limitation**. Plaintiff's recovery of medical or health care expenses be limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to § 41.0105 of the Tex. Civ. Prac. & Rem. Code.

d. **Failure to Submit Medical Bills to Medical-Insurance Provider.**  Plaintiff's claims for medical expenses are barred by the provisions of § 146, et seq of the Tex. Civ. Prac. & Rem. Code, to the extent that Plaintiff is covered by medical insurance and medical providers have refused to submit the medical bills to the medical insurance provider. Tex. Civ. Prac. & Rem. Code § 146.003.

e. **Credit/Offset**. Defendants are entitled to credits or offsets for all monies or consideration paid to or on behalf of Plaintiff by virtue of any type or form of settlement agreement entered into by and between Plaintiff and any settling person, responsible third-party or any other person or entity not a party to this lawsuit. Defendants claim and are entitled to all lawful settlements, credits and offsets including but not limited to those set forth in Tex. Civ. Prac. & Rem. Code §33.012 and §41.0105. Thus, Defendants assert the affirmative defenses of offset, credit, payment, release, and accord and satisfaction to the extent applicable as provided under Texas Rule of Civil Procedure 94.

f. **Loss of Earnings / Loss of Earning Capacity—Post-Tax-Payments/Liability**. Pursuant to Tex. Civ. Prac. & Rem. Code § 18.091, Plaintiff must prove Plaintiff's alleged loss of earnings and/or loss of earning capacity in a form that represents their net loss after reduction for income tax payments or unpaid tax liability. Also, Defendants request the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal and state income taxes.

g.   **Damages Bars and Limitations.**   Plaintiff's claims, if any, for exemplary, punitive, or other damages are barred, limited, restricted, and/or governed by the provisions of the Tex. Civ. Prac. & Rem. Code Ch. 41 and other applicable law.

h.   **Punitive-Damages Unconstitutionality.**   Defendants invoke Defendants' rights under the Due Process Clause and Equal Protection Clause of the Fifth, Eighth (as it applies to the States through the Fourteenth Amendment), and Fourteenth Amendment of the United States Constitution. Punitive and/or exemplary damages is violative of the Fifth, Eighth, and Fourteenth Amendment inasmuch as punitive and/or exemplary damages can be assessed:

(1)   in an amount left to the discretion of the jury and judge;

(2)   in assessing such sums, the decision of the jury need only be based on a vote of ten jurors and does not require a unanimous verdict;

(3)   in assessing such penalty or exemplary awards, Plaintiff need/needs only prove the theory of gross negligence on a clear-and-convincing-evidence standard and not on a "beyond a reasonable doubt" standard, as should be required in assessing a punishment award;

(4)   also, Defendants who are subject to the award do not have the right to refuse to testify against themselves, but must, in fact, take the stand and/or give deposition testimony or subject themselves to the consequences of a default judgment;

(5)   the assessment of such a punishment and/or exemplary award is not based on a clearly defined statutory enactment setting forth a specific mens rea requirement and/or other prerequisites of a criminal fine and, in effect, allows the assessment of such awards though there are no specific standards, limits or other statutory requirements set forth which define the mens rea and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process;

(6)   in essence, Defendants herein are subjected to all the hazards and risks of what amounts to a fine and, in fact, such awards often exceed normal criminal fines; but Defendants receive none of the basic rights afforded a criminal defendant when being subjected to possible criminal penalties; and

(7)   the assessment of punitive and/or exemplary damages differs from Defendant to Defendant and treats similar Defendants in dissimilar ways.

Thus, Defendants herein invoke Defendants' rights under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and request this Court disallow the award of punitive and/or exemplary damages in as much as

an award in this case would violate Defendants' United States Constitutional rights.

i. **Reservation of Rights.** Defendants hereby gives notice Defendants intend to rely on such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserve the right to amend their Answer to assert such defenses.

## V.  TEX. R. CIV. P.193.7 NOTICE

4.      Pursuant to Tex. R. Civ. P. 193.7, Defendants hereby give actual notice to Plaintiff that any and all documents produced by Plaintiff may be used against Plaintiff at any pretrial proceeding or at the trial of this matter without the necessity of authenticating the documents.

## VI.  TEXAS RULE OF EVIDENCE 609(f) REQUEST

5.      Defendants request Plaintiff, pursuant to Texas Rules of Evidence 609(f), give Defendants sufficient advanced written notice of Plaintiff's intent to use evidence of a conviction of a crime under Rule 609(f) against any party or witness in this case, with failure to do so resulting in inadmissibility of the same.

## VII.   JURY DEMAND

6.      Defendants demand a trial by jury and tender the applicable jury fee with their Answer.

## VIII.        RELIEF REQUESTED

7.       Defendants J.B. HUNT TRANSPORT SERVICES, INC. and RYDER TRUCK RENTAL, INC. pray that:

    a.  Plaintiff take nothing by this lawsuit;

    b.  Defendants go hence with their costs (i.e., their costs be taxed against Plaintiff) without delay; and

    c.  for such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves justly entitled.


Respectfully submitted,

**MAYER LLP**

*/s/ Kevin Riley*
Kevin P. Riley
State Bar No. 16929100
kriley@mayerllp.com

Harry L. Laxton Jr.
Southern District of Texas No. 906711
Texas State Bar No. 12061762
New York Registration No. 5447776
hlaxton@mayerllp.com

4400 Post Oak Parkway, Suite 1980
Houston, Texas 77027
Telephone:  713-487-2000
Facsimile:  713-487-2019

**ATTORNEYS FOR DEFENDANTS**
**J.B. HUNT TRANSPORT SERVICES, INC.**
**AND RYDER TRUCK RENTAL, INC.**

## CERTIFICATE OF SERVICE

On April 9, 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

Lauren Roberts
Texas State Bar No. 24113720
440 Louisiana St., Suite 1400
Houston, Texas 77002
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

☐E-MAIL (hector@longorialaw.com)
☐HAND DELIVERY
☐FACSIMILE
☐OVERNIGHT MAIL
☐REGULAR, FIRST CLASS MAIL
☒CM-ECF
☐CERTIFIED MAIL/RETURN RECEIPT REQUESTED


_____
                 */s/ Kevin P. Riley*
Kevin P. Riley

# EXHIBIT 3

*State Court Docket Sheet*

# 2021-14042

**COURT:** 129th

**FILED DATE:** 3/10/2021

**CASE TYPE:** Motor Vehicle Accident



---

**JOHNSON, KIMA**

Attorney: DASPIT, JOHN A

**vs.**

**J B HUNT TRANSPORT SERVICES INC**

---

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

# EXHIBIT 4

*Counsel of Record*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMA JOHNSON | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. ___ |
| J.B. HUNT TRANSPORT SERVICES, INC., | § | JURY TRIAL DEMANDED |
| RYDER RENTAL TRUCK AND | § | |
| JOHN DOE | § | |
|     *Defendants.* | § | |

## COUNSEL OF RECORD AND INFORMATION PURSUANT TO LOCAL RULE CV-81(C)

(1)     A list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (pending, dismissed);

**Plaintiff**     Kima Johnson

**Defendants**     J.B. Hunt Transport Services, Inc.
Ryder Truck Rental, Inc.
John Doe

The removed case is currently pending.

(2)     A civil cover sheet and a certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g. complaints, amended complaints, supplemental complaints, counterclaims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a).

See attached civil cover sheet and documents attached to Defendant's Notice of Removal as ***Exhibit "A*** ."

(3)     A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

| | |
|---|---|
| **DASPIT LAW FIRM**<br>Lauren Roberts<br>Texas State Bar No. 24113720<br>440 Louisiana St., Suite 1400<br>Houston, Texas 77002<br>Email: e-service@daspitlaw.com<br><br>**ATTORNEYS FOR PLAINTIFF** | **MAYER LLP**<br>Kevin P. Riley<br>State Bar No. 16929100<br>Southern Bar No. 13776<br>Email: kriley@mayerllp.com<br>Harry L. Laxton Jr.<br>State Bar No. 12061762<br>Southern Bar No. 906711<br>NY Registration No. 5447776<br>Email: hlaxton@mayerllp.com<br>4400 Post Oak Parkway, Suite 1980<br>Houston, Texas 77027<br>713.487.2000/713.487.2019 – fax<br><br>**ATTORNEYS FOR DEFENDANTS**<br>**J.B. HUNT TRANSPORT SERVICES , INC.**<br>**AND RYDER TRUCK RENTAL, INC.** |

(4)     A record of which parties have requested a trial by jury (this information is in addition to placing the word "jury" at the top of the Notice of Removal immediately below the case number);

Defendants, J.B. Hunt Transport Services, Inc,. and Ryder Truck Rental, Inc.'s   has requested a trial by jury.

(5)     The name and address of the court from which the case is being removed.

129th Harris County District Court
Judge Michael Gomez
Harris County Civil Courthouse
201 Caroline, 10th Floor
Houston, Texas 77002
832-927-2500